UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

GOVERNMENT ACCOUTABILITY
PROJECT,

      Plaintiff,

      v.                              Civil Action No. 07-01702 (CKK)

U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES, FOOD & DRUG
ADMINISTRATION,

      Defendant.

## PLAINTIFF'S MOTION FOR JUDGEMENT ON THE PLEADINGS

Pursuant to Fed.R.Civ.P., Rule 12(c), Plaintiff Government Accountability Project (GAP) moves this Court to issue a judgment on the pleadings and order the relief requested in the Complaint. In support of this Motion, the Court is referred to the Plaintiff's supporting memorandum.

Respectfully submitted,

_____
Richard E. Condit [DC Bar# 417786]
Senior Counsel
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C. 20006
Tel. 202.408.0034 x. 142
Fax 202.408.9855
Eml. richardc@whistleblower.org

Dated: January 29, 2008

## MEMORANDUM IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS

This is an action under the Freedom of Information Act (FOIA, 5 U.S.C. 552, *et seq.*) seeking the disclosure and release of agency records improperly withheld from the Plaintiff by Defendant U.S. Department of Health and Human Services (HHS) and its component U.S. Food & Drug Administration (FDA). Plaintiff's request for the records has been pending before the FDA for eight months. The Food and Drug Administration has failed to produce any records, has failed to provide any determination of when it will provide these records, and has essentially failed to justify this eight month delay. Accordingly, Plaintiff seeks entry of judgment on the pleadings ordering the agency to respond to the request and produce the records forthwith.

## BACKGROUND

Seven months ago, Plaintiff requested information concerning the clinical studies submitted regarding the drug Ciprofloxacin. Complaint ¶6. By facsimile dated June 27, 2007, Plaintiff filed a FOIA request with the Food and Drug Administration (FDA) requesting copies of records pertaining to the drug Ciprofloxacin. On June 28, 2007, by form letter, the FDA acknowledged receipt of the request filed by GAP. Complaint ¶7.

3

On July 23, 2007, Plaintiff wrote FDA inquiring whether FDA would provide responsive records by the July 26, 2007 due date. Complaint ¶8. FDA failed to respond to the inquiry made on July 23, 2007. *Id.*

On August 3, 2007, Plaintiff filed an appeal of the constructive denial of its June 27th FOIA request with the FDA's FOIA office. Complaint ¶10. Plaintiff's appeal of the constructive denial of its FOIA request was acknowledged by form letter on August 6, 2007. Complaint ¶10. To date, the Defendant has failed to produce any of the records requested by Plaintiff, and has not provided any justification for the seven month delay.

Defendant has filed its Answer to the Complaint, but the Answer fails to cite any FOIA exception that justifies the withholding of the records Plaintiff requested. Defendant's Answer to the Complaint concedes Plaintiff's *prima facie* case, pleads no actual justification for FDA's failure to respond within the statutory time limit, and offers no basis for failure to produce the records Plaintiff seeks. Accordingly, Plaintiff now moves for judgment on the pleadings against HHS/FDA with respect to the June 27, 2007 FOIA request. The Court should order production of the records by entering Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 12(c).

4

# ARGUMENT

## THE COURT SHOULD COMPEL DEFENDANT TO DISCLOSE THE REQUESTED RECORDS BY ENTERING JUDGMENT ON THE PLEADINGS

The Food and Drug Administration's Answer establishes Plaintiff's right to relief under FOIA and fails to set forth any defense for its failure to produce the records pertaining the Ciprofloxacin drug. Accordingly, Plaintiff is entitled to judgment on the pleadings as a matter of law.

A judgment on the pleadings is appropriate when there is no material issue of fact that remains to be resolved and the moving party is entitled to judgment as a matter of law. *Transworld Products Co., Inc. v. Canteen Corp.*, 908 F.Supp. 1, (D.D.C., 1995); Fed.R.Civ.P., Rule 12(c). In considering a motion for judgment on the pleadings, the Court must accept as true all factual allegations and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Schuchart v. La Taberna Del Alabardero*, 365 F.3d 33, 35 (D.C. Cir. 2004). As set forth below, there are no material issues of fact and Plaintiff is entitled to judgment on the pleadings.

FOIA provides the public with a statutory right to examine an agency's records upon submitting a request that reasonably describes the records. 5 U.S.C. § 552 (a)(3). The agency is required to "make the records

promptly available" upon receiving such a request. *Id.* Moreover, the statute commands that the agency "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination." 5 U.S.C. § 552(a)(6)(A)(i). Additionally, there is a 20 business day limit for determinations of appeals. 5 U.S.C. §552(a)(6)(A)(ii). When an agency fails to respond, the requestor is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C).

Defendant's Answer to the complaint clearly illustrates that Defendant expressly admitted and failed to deny that Plaintiff submitted a FOIA request over seven months ago. However, the Food and Drug Administration has failed to produce the records or provide the determination required by statute. Additionally, Defendant has failed to provide a determination of the appeal within the statutory time limit. No determination of Plaintiff's appeal has been provided to date.

Thus, all of the elements of Plaintiff's FOIA Complaint are admitted, such that there are no material issues of fact. Defendant's Answer

6

concedes Plaintiff's averments that: (1) the Court has jurisdiction over this action, Complaint ¶ 2, Answer ¶ 2; (2) the Food and Drug Administration is an agency subject to the FIOA, Complaint ¶4, Answer ¶4; (3) the Food and Drug Administration received Plaintiff's FOIA request dated June 27, 2007, Complaint ¶5, Answer ¶5; (4) the Plaintiff filed an administrative appeal on August 3, 2007 of the Food and Drug Administration's constructive denial of FOIA request, Complaint ¶10, Answer ¶10; (5) the Food and Drug Administration has not provided the requested records and has not determined Plaintiff's appeal , Complaint ¶13, Answer ¶13. It is clear that all of the elements of Plaintiff's *prima facie* case under FOIA are admitted in the pleadings.

Although the Defendant's Answer alleges an affirmative defense of exceptional circumstances, Defendant has failed to explain the exceptional circumstances it alleges. Specifically, "if the government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may … allow the agency additional time to complete its review of the records". 5 U.S.C. § 552(a)(6)(C)(i). The statute further explains that workload delays in processing requests are not considered exceptional circumstances. 5 U.S.C. § 552(a)(6)(C)(ii). However, Defendant has failed to demonstrate any

7

exceptional circumstances in responding to Plaintiff's unexceptional request, and has not proven that it has exercised due diligence in responding to Plaintiff's request.

Further, in the almost three months since Defendant has filed its Answer to the Complaint, it has failed to request a stay of proceedings for the exceptional circumstances it claims. In essence, Defendant has had a stay of proceedings for three months. Plaintiff fully expects that the Defendant will now file such a motion to stay proceedings in response to its motion for judgment on the pleadings. It would be inequitable to grant such a stay, when the Defendant had more than ample time to file the motion for stay of proceedings or to provide a response Plaintiff's initial FOIA request. Because the Defendant has failed to request a stay of proceedings based on its alleged affirmative defense, and has been unresponsive to Plaintiff's initial FOIA request and subsequent appeal, there is no legal justification for the agency's delay and failure to respond.

## **CONCLUSION**

Because the Defendant's Answer to the Complaint concedes the essential elements of Plaintiff's FOIA claim, and fails to adequately plead any defenses that would justify the Food and Drug Administration's

8

failure to respond, Plaintiff is entitled to judgment on the pleadings as a matter of law. The Court should enter judgment on the pleadings and order the Food and Drug Administration to produce the requested records forthwith, pay attorneys' fees and costs, and provide other relief consistent with the Complaint.

                              Respectfully submitted,

                              _____
                              Richard E. Condit [DC Bar# 417786]
                              Senior Counsel
                              Government Accountability Project
                              1612 K Street, NW, Suite 1100
                              Washington, D.C. 20006
                              Tel. 202.408.0034 x. 142
                              Fax 202.408.9855
                              Eml. richardc@whistleblower.org

Dated: January 29, 2008

UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

GOVERNMENT ACCOUTABILITY
PROJECT,

    Plaintiff,

    v.                                  Civil Action No. 07-01702 (CKK)

U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES, FOOD & DRUG
ADMINISTRATION,

    Defendant.

## ORDER

    Having considered the Plaintiff's Motion for Judgment on the Pleadings and any timely response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. The Defendant shall, within thirty (30) days of the date of this Order, provide all documents responsive to the Plaintiff's June 27, 2007 Freedom of Information Act Request. It is further **ORDERED** that the Defendants shall pay all reasonable attorneys' fees and costs associated with this litigation. Plaintiff shall, within thirty (30) days of the date of this Order, submit a petition for fees and costs.

                                                  _____
                                                  COLLEEN KOLLAR-KOTELLY
                                                  UNITED STATES DISTRICT JUDGE

Dated: _____