**UNITED STATES DISTRICT COURT**
**for the DISTRICT OF COLUMBIA**

GOVERNMENT ACCOUTABILITY
PROJECT

    Plaintiff,

    v.                                                                Civil Action No. 07-01702 (CKK)

U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES, FOOD & DRUG
ADMINISTRATION

    Defendant.

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

**PRELIMINARY STATEMENT**

Plaintiff Government Accountability Project (GAP) respectfully submits this brief reply memorandum in support of its motion for judgment on the pleadings. It is important to note that Defendants, Department of Health and Human Services (HHS) and the Food and Drug Administration (FDA) filed an opposition to Plaintiff's motion for judgment on the pleadings and motion for *Open America* stay subsequent to Plaintiff's motion. Plaintiff once again raises the concern that it would be inequitable to grant Defendant's motion for stay and urges the court to grant its motion for judgment on the pleadings for the reasons set forth below.

**ARGUMENT**

**I.  A JUDGMENT ON THE PLEADINGS IS APPROPRIATE WHERE DEFENDANTS HAVE CONCEDED PLAINTIFF'S *PRIMA FACIE* CASE**

Generally, FOIA provides a statutory duty for federal agencies to respond to requests for information promptly.  5 U.S.C. § 552(a)(3). Moreover, the agency "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination."  Id. 552(a)(6)(A)(i). Additionally, there is a 20 day limit for determinations of appeals after appeal has been received. Id. 552(a)(6)(A)(ii).  When the agency fails to respond within the statutory time, the requestor is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions."  5 U.S.C. §552(a)(6)(C).

At the time of this filing, Plaintiff's FOIA request has been pending with the Food and Drug Administration for over nine months.  Aside from the form letter responses which Plaintiff received acknowledging the FOIA request by the FDA and Plaintiff's appeal of FDA's "constructive denial" of its request, Defendant has been unresponsive to Plaintiff's FOIA request.  Prior to filing a motion in response to the Plaintiff's request for judgment, Defendant has neither indicated the reason for the delay nor been forthcoming in releasing any responsive documents.

Defendant's Answer, filed four months ago, claimed an affirmative defense of "exceptional circumstances" and stated that Defendant would seek a stay of proceedings from this Court.  As anticipated by Plaintiff, the stay of proceedings was not filed until

after Plaintiff filed its motion for judgment on the pleadings. Thus, suggesting that Defendant is not acting in good faith and is seeking such a stay for dilatory purposes. Defendant has failed to comply with its obligations under FOIA and has failed to demonstrate that it has faced exceptional circumstances or is exercising due diligence in responding to Plaintiff's request.

## II. DEFENDANT HAS FAILED TO ESTABLISH EXCEPTIONAL CIRCUMSTANCES AND DUE DILLIGENCE UNDER THE *OPEN AMERICA* STANDARD FOR STAY

Under FOIA, there is an exception to an agency's duty to comply with FOIA time requirements. "[I]f the government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may … allow the agency additional time to complete its review of the records". 5 U.S.C. §552(a)(6)(C). The statute further explains that usual workload delays in processing requests are not considered exceptional circumstances. 5 U.S.C. §552(a)(6)(C)(ii). Unusual circumstances listed in the statute include requests that require searching and collecting records that are in a separate office or location, searching a "voluminous amounts of separate and distinct records", and the need for consultation with another agency or sub-agency. *Id.*, at 552(a)(6)(b)(iii).

In *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.D.C. 1976), the court determined when exceptional circumstances exist within the meaning of the FOIA exception. The court held that "exceptional circumstances" exist when an agency is "deluged with a volume of requests for information vastly in excess of that anticipated by Congress, … the existing resources are inadequate to deal with the volume of requests within the time limits of subsection (6)(A), and the agency can show it is

3

exercising due diligence in processing the requests." *Open America*, 547 F.2d 605. Chiefly, the court noted that "the subsection of Freedom of Information Act giving agency extension of time for supplying requested information when agency can show that exceptional circumstances exist contemplates that the agency will have found it impossible to respond to request within other subsection's time limit, even with all due diligence." *Id.*

Defendant fails to adequately show that it faced exceptional circumstances in handling its FOIA requests. Defendant neither claims a sudden shortage of staff to handle FOIA requests within the FDA, which was found to be an exceptional circumstance in *Electronic Frontier Foundation v. Department of Justice*, 517 F. Supp. 2d 111 (D.D.C. 2007). Nor has the FDA made a good faith effort to respond to Plaintiff's request. For example, in *Appleton v. Food and Drug Administration*, 254 F. Supp. 2d 6 (D.D.C. 2003), the court held that FDA's release of readily available documents by mail while placing the remainder of his request in the complex track was a good faith effort response. Defendant has taken no steps to make a good faith effort to produce all or part of the narrow collection of data that GAP has requested.

Specifically, Defendant fails to meet the first prong under the *Open America* standard for granting a stay, which requires that the agency be "deluged with a volume of requests for information vastly in excess of that anticipated by Congress." *Open America,* 547 F. 2d 605. It is clear that the agency is not "deluged" by FOIA requests "vastly in excess" because FDA asserts that the average monthly total of FOIA requests declined from 285 requests per month in 2006 to 240 requests per month for 2007. Sager

4

Decl. ¶ 17.  Additionally, FOIA requests received by DDIP declined by 54 per cent in the past four years from 5310 requests in 2003 to 2888 requests in 2007.  *Id.*

Secondly, Defendant cannot meet the next prong of the *Open America* standard requiring a showing that "existing resources are inadequate to deal with the volume of requests within the time limits of subsection (6)(A)." *Open America,* 547 F. 2d 605. While Defendant contends that it is responding to a high volume of FOIA and other document requests with limited sources, it fails to establish that its resources are inadequate.  DIDP currently has a staff of twenty-eight employees and two contractors that work on such requests.  Sager Decl. ¶ 6.  The fact that DIDP has been able to reduce its backlog of FOIA requests demonstrates that the staffing is adequate.  Additionally, DDIP has committed a number of staff members to handle certain requests.  For example, DIDP has committed five staff members to prepare materials for litigation, including third party subpoenas.  Sager Decl. ¶ 21.  However, Defendant claims that the same staff members that handle FOIA requests also handle congressional requests for documents.  If this is case, then the Defendant has not properly allocated an appropriate number of personnel for processing FOIA requests.

Thirdly, Defendant lacks due diligence in responding to Plaintiff's FOIA request even if it has reduced its backlog of pending requests.  *Open America* requires that the Defendant make a good faith effort in responding both to the plaintiff's FOIA request and in reducing its backlog of FOIA requests.  *Appleton,* 254 F. Supp. 2d at 9.  The Defendant has simply failed to provide any responsive records or explain its excessive  delay in complying with Plaintiff's request. Moreover, Defendant has not made any effort to process Plaintiff's request, which was filed more than nine months ago.  Sager Decl. ¶ 30.

5

Defendant's failure to make any effort to process or assess Plaintiff's request, clearly indicates that Defendant has not exercised due diligence in responding to Plaintiff's request.

Finally, the Defendant's eighteen month estimate of the time it will purportedly take to complete the processing of the Plaintiff's FOIA request seems disingenuous because the Defendant has not even evaluated the request to determine what information is being requested. Sager ¶ 30.  There is simply no evidentiary foundation for the Defendant's speculation about the time it will take to produce the information requested by the Plaintiff.  Plaintiff has narrowly requested electronic and paper records for clinical trial studies 1001169 and 100201.  Complaint ¶ 6.  Some, if not all, of the responsive records associated with Plaintiff's request should be available for prompt release.

## CONCLUSION

For the foregoing reasons, Defendant is not entitled to argue that an *Open America* stay provides sufficient basis to deny Plaintiff's Motion.  Defendant has already had nine months to examine and process Plaintiff's request and has failed to do so.   The Agency has failed to establish that the "exceptional circumstances" that are required to relieve its duty under FOIA are present.  Therefore, the Court should promptly grant the Plaintiff's Motion and order the immediate release of the requested records and award attorneys' fees and costs.

Respectfully submitted,

/s/
_____
Richard E. Condit [DC Bar#417786]
Senior Counsel
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C. 20006
Tel. 202.408.0034 x. 142
Fax 202.408.9855
Eml. richardc@whistleblower.org

Dated: February 27, 2008