UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

GOVERNMENT ACCOUTABILITY
PROJECT,

    Plaintiff,

    v.

U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES, FOOD & DRUG
ADMINISTRATION,

    Defendant.

Civil Action No. 07-01702 (CKK)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFANDANTS' MOTION FOR STAY OF PROCEEDINGS**

Plaintiff Government Accountability Project (GAP), respectfully submits this memorandum of law in opposition to the motion (the "Motion") for a stay of proceedings filed by defendants the United States Food and Drug Administration (the "FDA") and the United States Department of Health and Human Services (the "HHS") (together, the "Government"). Plaintiff commenced this action to compel the government to meet its obligations under the Freedom of Information Act (FOIA) in September 2007. Currently, the request submitted by the Plaintiff has been pending for over ten months. The government admits that no work has been done on the Plaintiff's request, and now seeks an 18 month stay based on an alleged large backlog of FOIA requests and other demands for information. The government argues that the events described constitute "exceptional circumstances" as described in O*pen America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C. Cir. 1976). Defendants have failed to meet requirements for an *Open America* Stay and are not entitled to such relief by this Court. Conversely, since

1

Defendant's have conceded allegations in Plaintiff's Complaint and have not demonstrated exceptional circumstances, this Court should enter judgment on the pleadings for the Plaintiff.

## THE GOVERNMENT IS NOT ENTITLED TO A STAY BECAUSE IT DOES NOT FACE EXCEPTIONAL CIRCUMSTANCES

Generally, FOIA requires a federal agency to respond to requests for information in a timely manner. 5 U.S.C. § 552(a)(3). The government is required to "determine within 20 [working] days … after the receipt of the request … whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore". 5. U.S.C. § 552(a)(6)(i). However, "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." *Id.* § 552(a)(6)(C)(i).

The statute further explains that usual workload delays in processing requests are not considered exceptional circumstances. *Id.* §552(a)(6)(C)(ii). Unusual circumstances listed in the statute include requests that require searching and collecting records that are in a separate office or location, searching "voluminous amounts of separate and distinct records", and the need for consultation with another agency or sub-agency. *Id.* § 552(a)(6)(b)(iii).

The court in *Open America* further defined what constitutes exceptional circumstances. The court held that "exceptional circumstances" exist when an agency is "deluged with a volume of requests for information vastly in excess of that anticipated by Congress, … the existing resources are inadequate to deal with the volume of requests

2

within the time limits of subsection (6)(A), and the agency can show it is exercising due diligence in processing the requests." *Open America*, 547 F.2d at 616. Thus, an agency is entitled to additional time to comply with FOIA requirements when the three requirements for exceptional circumstances are met.

### DEFENDANT HAS NOT BEEN "DELUGED WITH A VOLUME OF REQUESTS VASTLY IN EXCESS OF THAT ANTICIPATED BY CONGRESS"

The first requirement for an *Open America* stay is that the agency is inundated by requests that exceed what Congress expected an agency to handle. For example, in *Open America* the court found that in a 12-month period the administrative appeals for FOIA went from 100 to 1276. Additionally, FOIA requests to the FBI skyrocketed from 447 to 13875 from 1974 to 1975. These facts met the requirement that the agency was deluged with a volume of requests in excess of congressional expectations. *Open America,* 547 F.2d at 617 (Leventhal, J., concurring).

The Defendants in the case at bar have not shown that they have been deluged with a volume of requests that exceeded what congress anticipated. It is clear that the agency is not "deluged" by FOIA requests "vastly in excess" because FDA asserts that the average monthly total of FOIA requests declined from 285 requests per month in 2006 to 240 requests per month for 2007. Sager Decl. ¶ 17. Additionally, FOIA requests received by DDIP declined by 54 per cent in the past four years from 5310 requests in 2003 to 2888 requests in 2007. *Id.* These facts indicate that FDA is not deluged by FOIA requests that were unforeseen where the total requests have declined over several years.

## DEFENDANT HAS FAILED TO PROVE THAT EXISTING RESOURCES ARE INADEQUATE TO DEAL WITH THE VOLUME OF REQUESTS

The second prong for an *Open America* Stay requires that Defendants prove that "existing resources are inadequate to deal with the volume of requests within the time limits of subsection (6)(A)." *Open America,* 547 F.2d at 616. For example, in *Electronic Frontier Foundation v. Department of Justice*, 517 F. Supp. 2d 111 (D.D.C. 2007), the court found that shortage of staff was an exceptional circumstance that warranted a stay, where 58 employees resigned, transferred or retired leaving the agency understaffed. These facts are inapplicable to the case at bar. While Defendant contends that it is responding to a high volume of FOIA and other document requests with limited sources, it fails to adequately establish that its resources are inadequate. DIDP currently has a staff of 28 employees and 2 contractors that work on such requests. Sager Decl. ¶ 6. The fact that DIDP has been able to reduce its backlog of FOIA requests demonstrates that the staffing is adequate. Additionally, DDIP has committed a certain number of staff members to handle certain requests. For example, DIDP has committed five staff members to prepare materials for litigation, including third party subpoenas. Sager Decl. ¶ 21. However, Defendants claims that the same staff members that handle FOIA requests also handle congressional requests for documents. If this is case, then the Defendant has not properly allocated an appropriate number of personnel for processing FOIA requests. Defendants also fails to allege that they are understaffed or have inadequate resources to timely respond to the FOIA requests. Thus, Defendants have not proven that their existing resources are inadequate to handle the volume of requests under the statutory time limits.

## DEFENDANTS HAVE FAILED TO SHOW THEY EXERCISED
## DUE DILIGENCE IN RESPONDING TO PLAINTIFF'S REQUEST

The third prong of *Open America* requires that the Defendant exercise due diligence in responding to FOIA requests. Due diligence includes a good faith effort in responding both to the plaintiff's FOIA request and in reducing its backlog of FOIA requests. *Appleton v. FDA,* 254 F. Supp. 2d 6, 9 (D.D.C. 2003). Due diligence also requires that agencies make a reasonable effort to reduce their backlogs. *Electronic Frontier Foundation,* 517 F. Supp. 2d at 116 - 117. Additionally, "[t]he good faith effort and due diligence of the agency to comply with the lawful demands under the Freedom of Information Act in as short a time as is possible by assigning all requests on a first-in , first out basis … is compliance with the Act". *Open America,* 547 F.2d at 616.

Defendant contends that it is exercising due diligence simply because it is assigning cases on a first in first out basis. Sager Decl. ¶ 8-14. However, due diligence requires more than handling requests on a first in first out basis. It requires good faith effort in responding to FOIA requests and reducing backlog of requests. The Defendants' reduction in backlog of FOIA requests was a consequence of decline of FOIA requests not efforts of DDIP. As stated before, in the past several years DDIP's FOIA requests declined 54% percent. Corresponding to the decline in FOIA requests, DDIP backlog was reduced by 50 percent in the past five years. Sager Decl. ¶ 26. While the defendant also alleges that the staff of DDIP is involved in document production for Congress and litigation, these requests do not exempt the agency from its FOIA obligations.

The Defendant failed to provide any responsive records or explain its excessive delay in complying with Plaintiff's request. Moreover, Defendant has not made any effort

to process Plaintiff's request, which was filed more than nine months ago. Sager Decl. ¶ 30. Defendants' failure to make any effort to process or assess Plaintiff's request, clearly indicates that Defendants have not exercised due diligence in responding to Plaintiff's request. Additionally, Defendants allege that they assigned Plaintiff's request to the Complex track for processing. Sager Decl. ¶ 29. It seems disingenuous that the Defendant would assign Plaintiff's request to the Complex track when no work has been done on Plaintiff's request. The letters received by Plaintiff acknowledging its FOIA requests were form letters generated automatically by a computer. Sadler Decl. ¶ 9. These facts indicate that Defendants lack due diligence in responding to both Plaintiff's request and reducing their backlog.

## **CONCLUSION**

For the foregoing reasons, Defendants are not entitled to an *Open America* stay. Defendants have already had ten months to examine and process Plaintiff's request and have failed to do so. The Agencies have failed to establish that the "exceptional circumstances" that are required to relieve their duty under FOIA are present. Therefore, the Court should deny Defendants' Motion for Stay, and promptly grant the Plaintiff's Motion and order the immediate release of the requested records and attorneys' fees and costs.

Respectfully submitted,

/s/
_____
Richard E. Condit [DC Bar#417786]
Senior Counsel
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C. 20006
Tel. 202.408.0034 x. 142 / Fax 202.408.9855
Eml. richardc@whistleblower.org

Dated: March 3, 2008