**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GOVERNMENT ACCOUNTABILITY PROJECT,

Plaintiff,

v.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; U.S. FOOD AND DRUG ADMINISTRATION,

Defendants.

Civil Action No. 07-01702 (CKK)

**DEFENDANTS' REPLY IN SUPPORT OF**
**THEIR MOTION FOR AN OPEN AMERICA STAY**

Defendants, the United States Department of Health and Human Services and the United States Food and Drug Administration ("FDA"), file this reply to Plaintiff's opposition to Defendants' motion for an Open America stay.[1] The complaint in this case pertains to Plaintiff's June 27, 2007 request for documents pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendant's motion, and the declarations filed with that motion, demonstrate that although FDA is exercising due diligence in responding to Plaintiff's request, exceptional circumstances exist that make a stay of proceedings appropriate under Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976).

[1] Plaintiff actually filed two separate documents, a "Reply Memorandum in Further Support of Plaintiff's Motion for Judgment on the Pleadings" and "Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Stay of Proceedings," but the substance of both are very similar – opposing the government's motion for a stay of proceedings. As further explained herein, Defendant respectfully submits that Plaintiff's Motion for Judgment on the Pleadings should be denied and Defendant's motion for a stay granted.

Plaintiff first suggests that because FDA did not seek a stay until four months after filing its answer to the complaint, the motion for a stay was brought in bad faith. Pl.'s Reply Mem. at 2-3. It is unclear on what authority Plaintiff relies for this contention, particularly in light of the absence of any filing deadline imposed on agencies seeking a stay in either the FOIA or the Open America line of cases. Moreover, agency declarations filed in support of motions for stays "'are accorded a presumption of good faith,'" which presumption here Plaintiff has wholly failed to rebut. Elec. Frontier Found. v. United States Dep't of Justice, 517 F.Supp.2d 111, 120 (D.D.C. 2007) (quoting Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

Plaintiff also argues that FDA is not processing Plaintiff's FOIA request in good faith because, to date, FDA has not produced any documents in response to that request. Pl.'s Reply Mem. at 4. Plaintiff relies on Appleton v. FDA, 254 F. Supp. 2d 6 (D.D.C. 2003), a case in which FDA was able to partially respond to a FOIA request just a few months after receiving the request. Id. at 7. One major difference between Appleton and this case, however, is that the documents produced quickly in Appleton were readily available,[2] id. at 9, whereas there are no readily available documents that can be produced in response to Plaintiff's request here. Declaration of Nancy B. Sager ("Sager Decl.") ¶ 29 (Feb. 15, 2008)(see R. 7). Moreover, the Appleton court based its decision to grant FDA a stay on the fact that FDA "demonstrated good-faith efforts and due diligence in processing the plaintiff's request on a first-in, first-out basis," not that FDA had partially responded to the request at an earlier date. Appleton, 254 F. Supp. 2d at 10.

[2]Documents may be readily available because, for example, they have been assembled and redacted in response to a prior FOIA request or because the request involves a drug approval package that has already been processed in preparation for posting on FDA's website. Declaration of Frederick J. Sadler, ¶ 9 (Feb. 4, 2008)(see R. 7).

Plaintiff next asserts that FDA has not demonstrated it lacks the resources to handle the volume of FOIA requests it receives. Pl. Reply Mem. at 5; Pl. Opp. at 4. Plaintiff appears to argue that because the Division of Information Disclosure Policy ("DIDP"), Center for Drug Evaluation and Research ("CDER"), has managed to reduce its backlog of FOIA requests, DIDP must therefore have sufficient resources to handle the influx of new FOIA requests. Id. Plaintiff, however, is forgetting one crucial element to the resources prong of the Open America standard – whether an agency's resources are sufficient to respond to requests *within the FOIA's 20-day timeframe*. Open America, 547 F.2d at 616. A simple look at DIDP's numbers – 30 employees, an average of 240 new requests received each month, and a backlog of 3,420 pending requests – shows that DIDP's resources are far from adequate to respond to FOIA requests within the timeframe provided by the FOIA. Sager Decl. ¶¶ 6, 16, 26. Plaintiff's argument is thus without merit.[3]

Finally, Plaintiff argues that FDA is not processing Plaintiff's FOIA request with due diligence because FDA has not yet provided responsive documents to Plaintiff and has not explained the reason for the delay. Pl. Reply Mem. at 5-6; Pl. Opp. at 5-6. To the contrary, FDA fully explained the reasons for the delay in its previously-filed motion and declarations, and rather than repeat those reasons here, the government instead respectfully directs the Court and Plaintiff to those filings. Furthermore, the standard for evaluating due diligence in processing requests is not, as Plaintiff suggests in its reply memorandum, whether some documents could have been produced more promptly, but rather whether an agency processes FOIA requests on a

---

[3] Plaintiff also contends that FDA cannot show its been inundated with FOIA requests because the average number of monthly requests received by DIDP decreased. Pl.'s Opp. at 3. Defendants explained that the numbers alone do not paint the entire picture of DIDP's workload, and respectfully direct the Court to Defendants' motion for a stay and the supporting declarations for further details. See, e.g., Defs. Mot. at 11-18; Sager Decl. ¶¶ 17-25 (R. 7).

first-in, first-out basis. See, e.g., Elec. Frontier Found.,517 F.Supp.2d at 119; Appleton, 54 F. Supp. 2d at 10.[4] As explained previously, CDER DIDP does in fact process FOIA requests on a two-track, first-in, first-out basis. Sager Decl. ¶¶ 8-14.

In sum, FDA has satisfied all of the elements of the Open America standard and is entitled to a stay of proceedings.

**CONCLUSION**

For the foregoing reasons, as well as those in Defendants' previous filings, Defendants' motion for a stay should be granted, and Plaintiff's Motion for Judgment on the Pleadings should be denied.

Respectfully submitted,

/s/ Jeffrey A. Taylor /bmr
________________________
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /bmr
________________________
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

[4]Oddly, Plaintiff quotes the correct due diligence standard in its opposition brief, but when attempting to show that FDA has not met that standard, reverts to relying on factors not relevant to the due diligence analysis. Pl.'s Opp. at 5-6 (stating that the decrease in DIDP's backlog of FOIA requests was not based on efforts by DIDP, and that failing to produce documents to date was indicative of DIDP processing Plaintiff's request in bad faith).

/s/ Beverly M. Russell
______________________
BEVERLY M. RUSSELL, D.C. BAR #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov

Of Counsel:

JAMES C. STANSEL
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

SHOSHANA HUTCHINSON
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, MD 20857
301-827-8579

March 10, 2008

**CERTIFICATE OF SERVICE**

I certify that the foregoing ***Defendants' Reply in Support of Their Motion for an Open America Stay*** was served upon Plaintiff by the Court's Electronic Case Filing System to:

Richard E. Condit
Government Accountability Project
1612 K Street, N.W., Suite 1100
Washington, D.C. 20006
richardc@whistleblower.org

on this 10th day of March, 2008.

/s/ Beverly M. Russell

BEVERLY M. RUSSELL
Assistant United States Attorney