**UNITED STATES DISTRICT COURT**
**for the DISTRICT OF COLUMBIA**

GOVERNMENT ACCOUTABILITY
PROJECT

    Plaintiff,

    v.                                             Civil Action No. 07-01702 (CKK)

U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES, FOOD & DRUG
ADMINISTRATION

    Defendant.

## PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7(h) and 56.1, Plaintiff Government Accountability Project moves for summary judgment in this case brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on the grounds that there are no genuine issues of disputed material fact and that Plaintiff is entitled to judgment as a matter of law. As the accompanying memorandum explains, Plaintiff has a statutory right under FOIA to the complete record of data that the Defendant considered regarding the drug Cipro. Defendant has chosen to withhold this data without adequate factual or legal basis.

          Respectfully submitted,

          /s/
          _____
          Richard E. Condit [DC Bar#417786]
          Senior Counsel
          Government Accountability Project
          1612 K Street, NW, Suite 1100
          Washington, D.C. 20006
          Tel. 202.457.0034 x. 142
          Fax 202.457.0059
          Eml. richardc@whistleblower.org

Dated: May 15, 2009

**UNITED STATES DISTRICT COURT**
**for the DISTRICT OF COLUMBIA**

GOVERNMENT ACCOUTABILITY
PROJECT

    Plaintiff,

    v.                                      Civil Action No. 07-01702 (CKK)

U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES, FOOD & DRUG
ADMINISTRATION

    Defendant.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff Government Accountability Project (GAP) respectfully submits this Memorandum in support of its Cross Motion for Summary Judgment (Part I) and in opposition to the Defendant's Motion for Summary Judgment (Part II). In short, because the Defendant cannot justify the withholding of documents pursuant to FOIA Exemption 4, the Court should reject the Defendant's Motion and award relief to the Plaintiff.

**STATEMENT OF FACTS**

This is an action under the Freedom of Information Act (FOIA, 5 U.S.C. 552, *et seq.*) seeking the disclosure and release of agency records improperly withheld from the Plaintiff by Defendant U.S. Department of Health and Human Services (HHS) and its component U.S. Food & Drug Administration (FDA). Plaintiff's request for the records was pending before the FDA for more than eight months before the agency released some

records after this litigation was initiated and the Court denied the agency's *Open America* stay request.

On June 27, 2007, Plaintiff filed a FOIA request seeking information concerning the clinical studies submitted regarding the drug Ciprofloxacin.  Complaint ¶6.  By facsimile dated June 27, 2007, Plaintiff filed a FOIA request with the Food and Drug Administration (FDA) requesting copies of records pertaining to the drug Ciprofloxacin.  On June 28, 2007, by form letter, the FDA acknowledged receipt of the request filed by GAP.  Complaint ¶7.

On July 23, 2007, Plaintiff wrote FDA inquiring whether FDA would provide responsive records by the July 26, 2007 due date.  Complaint ¶8.  FDA failed to respond to the inquiry made on July 23, 2007.  *Id.*

On August 3, 2007, Plaintiff filed an appeal of the constructive denial of its June 27th FOIA request with the FDA's FOIA office.  Complaint ¶10.  Plaintiff's appeal of the constructive denial of its FOIA request was acknowledged by form letter on August 6, 2007.  Complaint ¶10.  Prior to the initiation of this litigation, the Defendant failed to produce any of the records requested by Plaintiff, and provided no justification for its actions.

Defendant filed its Answer to the Complaint, but the Answer failed to cite any FOIA exception that justified the withholding of the records Plaintiff requested.  Defendant's Answer to the Complaint conceded Plaintiff's *prima facie* case under FOIA, pled no actual justification for FDA's failure to respond within the statutory time limit, and offered no basis for failure to produce the records Plaintiff seeks.

Following the denial of the Defendant's Motion for a Stay, the agency produced some responsive records in October and December 2008. Later, the Defendant provided a *Vaughn* Index in two tables labeled "A" and "B." These tables list information responsive to Plaintiff's FOIA request that are being withheld including, contractor or subcontractor information (Table A) and data (Table B). Both of these categories of records are withheld as confidential commercial information (CCI) pursuant to FOIA exemption 4.[1]  5 U.S.C. § 552(b)(4).   Plaintiff seeks the release of the information the Defendant has withheld and labeled as CCI.

## ARGUMENT

**I.  Plaintiff is Entitled to Summary Judgment**

    **A.  Rule 56 standard**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). . . . [A] moving party is entitled to judgment as a matter of law only if the nonmoving party "fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  *Czekalski v. Peters,* 475 F.3d 360, 363 (D.C. Cir. 2007).

---

[1]  In light of the descriptions provided in the Defendant's *Vaughn* index, Plaintiff does not seek patient information that the Defendant has withheld pursuant to FOIA exemption 6.  5 U.S.C. § 552(b)(6).

**B.     Defendant HHS-FDA has refused to produce responsive, non-exempt information**

**(i)     Legal standard for withholding records pursuant to FOIA Exemption 4**

This Court has recently addressed the issue of agencies withholding information pursuant to FOIA Exemption 4. In a case with facts similar in significant aspects to the instant litigation, the Court provided the following explanation of the Exemption 4 standard and its application.

> FOIA Exemption 4 applies to "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. 552(b)(4); *Gulf & W. Indus. v. United States,* 615 F.2d 527, 529 (D.C.Cir.1979). Where, as here, the government requires submission of the information, *see* Defs.' Mot. for Recons. at 11 (stating that the information "was required to be submitted to NIH"), the information is "confidential" if it 1) impairs the government's ability to obtain necessary information in the future, or 2) causes substantial harm to the competitive position of the person from whom the information was obtained. *See McDonnell Douglas Corp. v. National Aeronautics and Space Admin.,* 180 F.3d 303, 305 (D.C.Cir.1999) (citing *Nat'l Parks & Conservation Ass'n v. Morton,* 498 F.2d 765 (D.C.Cir.1974)). The second element requires "both a showing of actual competition and a likelihood of substantial competitive injury." *Gilda Indus. v. U.S. Customs and Border Protection Bureau,* 457 F.Supp.2d 6, 9 (D.D.C.2006) (quoting *Nat'l Parks & Conservation Ass'n*, 498 F.2d at 770).
>
> NIH's argument for application of this Exemption consists of two sentences. Reproduced in their entirety, NIH argues:
>
>> Release of [CRL's answers] would cause a substantial competitive harm to [CRL], placing [CRL] at a competitive disadvantage vis-a-vis its competitors in similar future procurements. Specifically, the disclosure of this cost-related information from [CRL] would allow [CRL's] competitors to access [CRL's] cost and rate information and underbid [CRL] in future procurements.
>
> Defs.' Mot. for Part. Recons. at 11-12.
>
> These two sentences cannot meet NIH's burden with respect to Exemption 4. *See* 5 U.S.C. § 552(a)(4)(B) (an agency bears the burden of demonstrating the validity of any exemption that it asserts). NIH fails to identify with any level of specificity what it means by "cost and rate" information, nor explain how such information could be used by competitors to cause substantial harm to CRL. NIH's failure in

6

> this regard is problematic, as courts in this Circuit routinely reject Exemption 4 arguments that are grounded in generalizations. *See Ctr. for Public Integrity v. Dep't of Energy,* 191 F.Supp.2d 187, 194-95 (D.D.C.2002) ("The Courts of this Circuit have viewed [Exemption 4] arguments with skepticism, generally requiring agencies to disclose information under Exemption 4's competitive harm prong unless they are able to demonstrate that release of the information would be of substantial assistance to competitors in estimating and undercutting a bidder's future bids."); *Brownstein Zeidman & Schomer v. Dep't of Air Force,* 781 F.Supp. 31, 33 (D.D.C.1991) (rejecting application of Exemption 4 because the harm that would allegedly result from disclosure of pricing information was "speculative"). *Cf. Gilda Indus.,* 457 F.Supp.2d at 11 (holding that competitive harm would result where the agency identified 212 competitors and explained how the requested information could be used in combination with publicly available information to "disrupt supply, product lines, supply chains, and customers"). Because the D.C. Circuit has cautioned that "conclusory and generalized allegations of exemptions" are unacceptable, *Found. Church of Scientology of Wash., D.C., Inc. v. Nat'l Sec. Agency,* 610 F.2d 824, 830 (D.C.Cir.1979) (quoting *Vaughn v. Rosen,* 484 F.2d 820, 826 (1973)), the Court finds no basis to reconsider its Order with respect to these documents.

*In Defense of Animals v. National Institutes of Health*, 543 F.Supp.2d 70, 78 – 79 (D.D.C. 2008). Applying this standard to the facts of this case demonstrates that the Defendant's refusal to produce the information it has labeled as CCI is in error.

### (ii) Defendant has failed to meet its burden to establish that it properly withheld responsive records pursuant to FOIA Exemption 4

Defendant has withheld a considerable number of records that are responsive to Plaintiff's FOIA request.  See, Second Declaration of Nancy B. Sanger (Doc.#19-2) at ¶s 15 – 16.  These records were withheld pursuant to FOIA Exemption 4.  *Id.* at ¶ 13; Vaughn Index – Table A (papers records) (Doc.#19-5); Vaughn Index – Table B (electronic records) (Doc.#19-6); *Defendant's Memorandum of Points & Authorities in Support of Motion for Summary Judgment* (Def. Memo) at 8.  Specifically, FDA withheld

raw data concerning musculoskeletal safety assessments for patients who received Cipro oral suspension[2] and the names of contractors, consultant and investigators.[3]

The referenced information can only be withheld pursuant to FOIA Exemption 4 if the information is "confidential." The withheld records qualify as "confidential" if release of the records either "1) impairs the government's ability to obtain necessary information in the future, or 2) causes substantial harm to the competitive position of the person from whom the information was obtained." *In Defense of Animals*, 543 F.Supp.2d at 78. As this Court has noted:

> The second element requires "both a showing of actual competition and a likelihood of substantial competitive injury." *Gilda Indus. v. U.S. Customs and Border Protection Bureau,* 457 F.Supp.2d 6, 9 (D.D.C.2006) (quoting *Nat'l Parks & Conservation Ass'n*, 498 F.2d at 770).

*Id*. The Defendant has failed to meet either standard demonstrating that the withheld records are "confidential."

FDA attempts to satisfy the requirements of FOIA Exemption 4 with three sentences:

> Drug manufacturing is an extremely competitive industry, with enormous amounts of money being spent to develop new and innovative drug products. If FDA were to disclose the information that the agency has withheld as confidential commercial information, a competitor could use that in information to support its own new drug application ("NDA") without having to incur the time and expense involved in developing the information itself. In addition, the owner of the protected-but-improperly-released information could sue FDA on the grounds that FDA's release jeopardized its competitive market position by providing competitors with critical information that could speed up the development of a competing product.

---

[2] See, Vaughn Index- Table B (referencing File No.s 1 – 6).

[3] See, Vaughn Index- Table A (referencing CCI).

Second Declaration of Nancy B. Sanger at ¶ 17.  These three sentences are conclusory and lack any meaningful evidentiary foundation to support them.

 First, the statement that drug manufacturing is competitive and that "enormous amounts of money" are spent to develop drugs is too general an observation to meet the requirements of FOIA Exemption 4.  Ms. Sanger fails to explain whether any meaningful competition exists when drug manufacturers have patents which provide monopolies.  This is an important question considering that the FDA's memorandum in support of summary judgment asserts that there is no approved abbreviated new drug application (ANDA) for Cipro oral suspension and that no "ANDA [would] be eligible for approval (based on patent and/or exclusivity protections) had one been submitted."  Def. Memo at 8.  This statement suggests that the owner may have or may obtain a patent (monopoly) on the sale of Cipro oral suspension.  If that is the case, there would be no meaningful competition regarding the development and sale of a Cipro oral suspension formulation in the United States.

 Second, Ms. Sanger states that FDA's release of the withheld information could allow "a competitor could use that in information to support its own [NDA] without having to incur the time and expense involved in developing the information itself."  While it may be correct to say that the data could be used in some manner by a competitor, Ms. Sanger fails to explain whether the use of the data at issue would cause a meaningful competitive disadvantage for the owner.  Ms. Sanger provides no information indicating whether there would be a likelihood of competitive injury.

 Moreover, as noted by Dr. Juan Walterspiel, a board certified pediatric infectious diseases specialist experienced with the study and administration of quinolones such as

ciprofloxacin in pediatric patients, the data regarding joint safety associated with the use of ciprofloxacin in oral solution has been publicly reported. Declaration of Juan N. Walterspiel, MD FAAP at ¶s 5 – 6. Dr. Walterspiel also indicates that "it is impossible for any competitor to glean information on the specific composition of the formulation of ciprofloxacin oral suspension or the drug's performance from goniometry data." *Id.* at ¶ 6.

Third, Ms. Sanger's concern about FDA being sued for compromising Bayer's "competitive market position" is likewise insufficient to justify withholding records pursuant to FOIA Exemption 4 because there is no information upon which to assess whether there would be any meaningful competitive injury.

> Conclusory and generalized allegations of substantial competitive harm, of course, are unacceptable and cannot support an agency's decision to withhold requested documents. See *id*. at 680; *Pacific Architects & Engineers, Inc. v. Renegotiation Board*, 505 F.2d 383, 384-85 (D.C.Cir.1974).

*Public Citizen Health Research Group v. Food and Drug Admin.*, 704 F.2d 1280, 1291 (D.C. Cir. 1983). Thus, the Court should find that the FDA has failed to meet its burden to justify withholding responsive records pursuant to FOIA Exemption 4.

## II.     DEFENDANT HAS FAILED TO ESTABLISH THE NECESSARY MATERIAL FACTS RELEVANT TO ITS DECISION TO WITHHOLD INFORMATION PURSUANT TO FOIA EXEMPTION 4

Under the Freedom of Information Act, an agency is entitled to summary judgment if it demonstrates that no material facts are in dispute and that all information responsive to the request either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833

(D.C.Cir.2001); *Weisberg v. Dep't of Justice,* 627 F.2d 365, 368 (D.C.Cir.1980). Summary judgment may be awarded to an agency solely on the basis of information provided by the agency in sworn statements with reasonably specific detail that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith. *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981).

As discussed in Part I, the FDA has failed to meet the standard required to affirm its decision to withhold records pursuant to FOIA Exemption 4. In addition to its failure to establish sufficient bases to meet the legal standard, FDA has also failed to establish that there are no material facts in dispute. As pointed out by Dr. Walterspiel, release of the withheld data would provide no meaningful assistance to a competitor. Walterspiel Declaration at ¶s 9 -10. Moreover, reports have been published that discuss the data in question and related information regarding the efficacy and safety of Cipro. *Id*. at ¶s 1 (Exhibit A), 7, and 8. Consequently, there are facts in dispute as to whether release of the withheld data would provide any meaningful basis to claim substantial competitive harm justifying a refusal to release the data.

## **CONCLUSION**

For the foregoing reasons, the Court should promptly grant the Plaintiff's Motion and order the immediate release of the requested records and award attorneys' fees and costs.

        Respectfully submitted,

        */s/* 
        _____
        Richard E. Condit [DC Bar#417786]
        Senior Counsel
        Government Accountability Project
        1612 K Street, NW, Suite 1100
        Washington, D.C. 20006
        Tel. 202.457.0034 x. 142
        Fax 202.457.0059
        Eml. richardc@whistleblower.org

Dated: May 15, 2009